NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| Christopher VISCONTI and Vanessa VISCONTI,<br><br>Plaintiffs,<br><br>v.<br><br>Thomas WALDEN, M.D.; Thomas WALDEN, M.D., P.A.; ST. LUKE'S WARREN HOSPITAL; John DOES, M.D. #1-10; Jane ROES, R.N. # 1-10;<br><br>Defendants. | Civ. No. 13-04430<br><br>OPINION |

THOMPSON, U.S.D.J.

      This matter appears before the Court on Defendant St. Luke's Warren Hospital, Inc.'s motion for partial dismissal of Plaintiffs Christopher Visconti's and Vanessa Visconti's Complaint under Federal Rules of Civil Procedure 12(b)(6) and 12(f), or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). (Doc. No. 5). The Court has decided the motion based upon the written submissions of the parties and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons set forth below, the Court will GRANT Defendant's Motion to Dismiss Count VII, without prejudice and with permission to amend the complaint pending further discovery.

### BACKGROUND

      Plaintiff Christopher Visconti, a resident of Pennsylvania, (Doc. No. 1, at ¶¶ 2,3), alleges injuries arising from treatment administered at Defendant St. Luke's Warren

1

Hospital, Inc. ("Defendant") by co-defendant Dr. Thomas Walden and various others. (*Id*. at ¶¶ 3-11). Plaintiff alleges that Walden is Defendant's agent. (*Id*. at ¶¶ 6,7).

In June 2012, Walden examined Plaintiff and recommended Plaintiff undergo a Transurethral Resection of Bladder Tumor (TURBT) procedure. (*Id*. at ¶ 3). The TURBT procedure, performed on September 12, 2012, was unsuccessful, and Dr. Walden recommended a Greenlight laser procedure to remove the small tumor and clear out the prostate. (*Id*. at ¶ 3).

Pursuant to Dr. Walden's recommendation, Plaintiff was admitted to Defendant's facility on October 8, 2012 for a cystoscopic exam and Greenlight laser procedure. (Doc. No. 1, at ¶ 4). This procedure included the placement of a Foley catheter. (*Id*.).

Plaintiff contends that this Foley catheter was supposed to stay in place for a period of five to seven days following the surgery in order to prevent perineal urethostomy. (*Id*.). However, Plaintiff alleges that the Foley was removed on October 9, 2012, one day after the procedure pursuant to Walden's instructions. (*Id*.).

On October 10, 2012, Plaintiff returned to Defendant's facility for drainage of a perineal hematoma and insertion of a suprapubic catheter after experiencing significant scrotal swelling. (Doc. No. 1 at ¶ 4). Following the procedure, Plaintiff experienced additional complications, including pain in his abdomen and difficulty urinating, and underwent a second surgery to remove a urine blockage. (*Id*.).

Plaintiff alleges that Dr. Walden was "careless, negligent and/or grossly negligent" in this treatment of Plaintiff and that his actions caused Plaintiff's injuries. (*Id*. at ¶ 15). Plaintiff sued Defendant under the theory of respondeat superior. (*Id*. at ¶ 21).

DISCUSSION

Defendant's motion concerns Plaintiff's prayer for punitive damages against Defendant in Count VII of the Complaint. The Court will first consider the applicable legal standard for a Motion to Dismiss before turning to the merits of the present motion.

A. Legal Standard

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F. 3d 176, 183 (3d Cir. 1993). The defendant bears the burden of showing that no claim has been presented. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). When considering a Rule 12(b)(6) motion, a district court should conduct a three-part analysis. *See Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011). "First, the court must 'take note of the elements a plaintiff must plead to state a claim.'" *Id*. (quoting *Ashcroft v. Iqbal*, 56 U.S. 662, 675 (2009)). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court may disregard any conclusory legal allegations. *Id*. Finally, the court must determine whether the "facts are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). Such a claim requires more than a mere allegation of an entitlement to relief or demonstration of the "mere possibility of misconduct;" the facts must allow a court reasonably to infer "that the defendant is liable for the misconduct alleged." *Id*. at 210, 211 (quoting *Iqbal*, 556 U.S. 678-79).

B. Analysis

In Count VII of the Complaint, Plaintiff prays for "punitive damages against the aforementioned Defendants." (Doc. No. 1, at ¶ 15). While Plaintiff does not specifically name Defendant in Count VII, Defendant contends that the term "aforementioned Defendants" can be read to include Defendant. (Doc. No 5). The Court agrees with this interpretation and finds that Defendant is named in Count VII. In response to Plaintiff's claim for punitive damages, Defendant has moved to dismiss this claim on the grounds that Plaintiff has not alleged facts sufficient to justify the imposition of punitive damages against Defendant. (*Id*. at ¶ 27).

Following the three-part analysis endorsed by the Third Circuit in *Malleus,* (641 F.3d at 563), this Court first notes the elements necessary to make the claim for punitive damages. In cases concerning punitive damages, "a greater threshold than mere negligence should be applied to measure employer liability." *Lehmann v. Toys R Us, Inc.*, 132 N.J. 587, 624 (1993). "It is well-established that an 'employer should be liable for punitive damages only in the event of actual participation by upper management or willful indifference' on the part of the management to violations carried out by employees." *Tosado v. Middlesex Cnty. Dep't of Corr.*, WL 1562238 (D.N.J. May 29, 2009). Specifically, punitive damages may not be recovered against an employer for the wrongful acts of its employees unless (1) "the act was specifically authorized, participated in, or ratified by the [employer]," or (2) "the employee who committed the wrongful act or authorized or ratified it was so high in authority as to be fairly considered executive in character." *GNOC Corp. v. Aboud*, 715 F. Supp. 644, 651 (D.N.J. 1989)

4

(citing *Winkler v. Hartford Accident & Indemnity Co.*, 66 N.J. Super. 22, 29 (App. Div. 1961)).

After viewing the facts in the light most favorable to Plaintiff, the Court finds the claims insufficient to justify punitive damages against Defendant. As Defendant notes, the "only apparent allegations against SLWH are vicarious for the conduct of the hospital's alleged agent," Dr. Walden. (Doc. No. 5, at ¶ 7). However, Plaintiff does not allege sufficient facts to support either a finding that Defendant specifically authorized, participated in, or ratified the act, or that Dr. Walden was so high in authority as to be fairly considered executive in character. Since the Complaint alleges facts that would not meet the heightened threshold for punitive damages against an employer, the Court cannot reasonably infer, based on the present facts, that Defendant could be held liable for punitive damages.

As such, the Court will grant Defendant's Motion to Dismiss Count VII without prejudice. Plaintiff will be permitted to reassert a claim for punitive damages should further discovery reveal a basis for their award.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss Count VII of the Complaint, (Doc. No. 5), is granted. As further discovery might yield additional evidence, which could support a claim for punitive damages, such dismissal is made without prejudice.

*/s/ Anne E. Thompson*

ANNE E. THOMPSON, U.S.D.J.

Dated: 9/30/13